Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George W. Lindberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 1297 | **DATE** | 6/27/2000 |
| **CASE TITLE** | Jerricks vs. Gilmore | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Petitioner's motion for extension of time to amend (25-1 and 25-2) the petition is granted in part and denied in part. Petitioner is granted leave to file a brief elaborating with greater specificity his claim of ineffective assistance of counsel by August 8, 2000. All other claims raised by petitioner in the petition, and in the motion to amend the petition are procedurally defaulted or non-cognizable on federal review. If Petition fails to file brief in suppport of his claim of ineffective assistance of counsel, the petition will be denied, as petitioner has not otherwise presented a claim upon which relief my be granted. Petitioner's motion (26-1) for investigation is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | 6-28-00 date docketed | |
| ✓ | Docketing to mail notices. | | | 28 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| SLB | courtroom deputy's initials | 00 JUN 27 PM 3:42 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Jerome Jerricks,
Petitioner,

v.

Jerry Gilmore,
Respondent.

99 C 1297

Judge George W. Lindberg

**MEMORANDUM OPINION AND ORDER**

Petitioner is a prisoner in custody acting pro se, petitions this Court for a writ of habeas corpus pursuant to 28 U.S.C.S. 3 2254. Following a jury trial, Jerricks was convicted of aggravated criminal sexual assault and sentenced to an extended term of 50 years in prison. After receiving his sentence, Jerricks directly appealed his conviction to the Appellate Court of Illinois and raised two claims: (1) that his waiver of counsel was invalid because the trial court failed to comply with Illinois Supreme Court Rule 401(a), and (2) that the trial court erred in sentencing him to an extended term based on a finding that his behavior was exceptionally brutal of heinous because the same behavior served as the aggravating circumstances inherent in the offense. The Appellate Court, however, affirmed the trial



court's conviction. Following the Appellate Court's decision, Jerricks filed a motion for leave to file a late petition for leave to appeal to the Supreme Court of Illinois and the motion was granted. However, shortly thereafter, the petition for leave to appeal was denied. Next, Jerricks filed a petition for post-conviction relief in the Circuit Court of Cook County which was dismissed as frivolous. After Jerricks' post-conviction petition was denied, he appealed to the Appellate Court of Illinois where he was likewise unsuccessful. Following the Appellate Court's decision, Jerricks filed a motion for leave to file a late petition of appeal to the Supreme Court of Illinois. The motion was granted and Jerricks filed a motion for leave to appeal to the Supreme Court of Illinois. In the motion, Jerricks raised three claims: (1) that in deciding his post-conviction petition, the Circuit Court deprived him of and violated his constitutional right, and that he is actually innocent; (2) that the Circuit Court failed to assign him an attorney at the post-conviction petition hearing; and (3) that the Circuit Court maliciously kept him off the record at the hearing. Jerricks' petition for leave to appeal, however, was denied.

Petitioner then filed a Petition of habeas corpus this

Court. In his original Petition, Jerricks raised four claims: (1) unlawful and false arrest; (2) illegal search and seizure; (3) malicious prosecution and prosecutorial misconduct; and (4) that he was denied the right to counsel following arrest. Respondent moved to dismiss the Petition on timeliness grounds, and that motion was denied. Petitioner then moved to amend the Petition. In his motion Petitioner indicated he wished to amended the Petition to include the following six claims: (1) that the state conducted an unfair hearing to litigate his fourth amendment claim, (2) that he was subject to an unreasonable search and seizure, (3) that his arrest was unconstitutional, (4) that he received ineffective assistance of appellate counsel, (5) that he received ineffective counsel at the circuit court level, and (6) that he was prejudiced in the abstract procedure mechanism. The Court herein considers that motion and the posture of the case as a whole.

A.         **Exhaustion and Procedural Default**

In reviewing Jerricks' claims, this court first considers whether Jerricks has satisfied the exhaustion doctrine. According the United States Supreme Court, "before a federal

court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court." In other words, before pursuing a habeas petition in federal court, a prisoner must first seek direct and collateral reviews of his claims in the state courts. O'Sullivan v. Boerckel, 526 U.S. 1728, 1731 (1999).

Jerricks has exhausted his state remedies because he has no further avenue of relief in state court. He has pursued appeals in the Illinois state courts both on direct appeal and collaterally from dismissal of his post-conviction appeal. Spivey v. Page, No. 98-C3750, 2000 U.S. Dist. LEXIS 962, at *7 (N.D. Ill. Jan. 27, 2000) (a prisoner has exhausted his state remedies after unsuccessfully pursing appeals through the state court system on both direct appeal and collaterally from dismissal of his post-conviction petition).

However, although Jerricks has satisfied the exhaustion doctrine, before considering the merits of Jerricks' habeas claims, this court must determine whether Jerricks has also avoided procedural default. Procedural default occurs: (1) where

a prisoner as failed to present his federal constitutional claims to the state courts, or (2) where the state court has rejected the claim on an independent and adequate state ground. Spivey, 2000 U.S. Dist. LEXIS 962, at *7 citing Boerckel, 526 U.S. at 1732. "A federal court cannot address the merits of a constitutional claim brought in a petition for habeas corpus relief unless the state courts have had a full and fair opportunity to review them." Id. "A fair opportunity of review means that a [prisoner] must not only raise a claim with the intermediate appellate courts, but must also [include the same] claim in an appeal to the state's highest court, even where the appeal is discretionary. Where such an appeal is not made, the [prisoner's] claim is procedurally defaulted." Id.

Jerricks filed petitions with both the Illinois Appellate Court and the Illinois Supreme Court. However, none of his original habeas claims were included in either of his petitions for leave to appeal to the Illinois Supreme Court. Therefore, Jerricks' original habeas claim are all procedurally defaulted. Boerckel, 526 U.S. at 1734. (failure to include a claim in a petition for leave to appeal with the Illinois Supreme Court, renders the claim procedurally defaulted for habeas relief);

-5-

Lewis v. Clark, No. 99-C0633, 1999 U.S. Dist. LEXIS 19795, at *9 (N.D. Ill. Dec. 21, 1999) (same); see also, Starks v. Welborn, No. 99-C1117, 1999 U.S. Dist. LEXIS 13261, at *10 (N.D. Ill. Aug. 17, 1999) (failure to present portions of a claim to the Illinois Supreme Court on appeal renders the entire claim procedurally defaulted). Similarly, Petitioner failed to present any of the six claims raised in his motion to amend the Petition to the Supreme Court of Illinois, and therefore, those claims too are defaulted.

B. **Exceptions and Exemptions to Procedural Default**

Having determined that each of Petitioner's claims in both the original and proposed amended Petition appear procedurally defaulted, the Court must next consider whether any of these claims either fall within an exception or exemption to the procedural default rule. First, the Court considers whether the claims fall within an articulated exception to the rule. The Seventh Circuit has identified two exceptions which are generally applicable to all procedurally defaulted claims: (1) where the prisoner can show cause and prejudice for his failure to exhaust his claims, or (2) where a failure to review the procedurally

defaulted claims would result in a fundamental miscarriage of justice. Hollinshead v. O'Sullivan, No. 98-C0235, 1999 U.S. Dist. LEXIS 13843, at *4 (N.D. Ill. Sept. 3, 1999) citing Howard v. O'Sullivan, 185 F.3d 721, 725 (7th Cir. 1999).

Jerricks' procedurally defaulted claims do not fall within the first exception since he has failed to show cause and prejudice for his failure in exhausting his claims. A showing of cause and prejudice normally requires a showing of some external impediment to the prisoner's presentation of his claim, such as "unavailability of the factual or legal bases for a claim, or interference by state officials." Tompkins v. Cowan, 1999 U.S. Dist. LEXIS 17438, at *6 (N.D. Ill. Nov. 5, 1999) citing Murray v. Carrier, 477 U.S. 478, 488 (1986); Schaff v. Snyder, 190 F.3d 513, 526-28 (7th Cir. 1999). Here, since no external impediment prevented Jerricks from including in his leave to appeal to the Illinois Supreme Court the same claims he now raises in this court. Jerricks cannot assert that his failure to properly exhaust his claims were due to cause or prejudice.

As for the second exception, since Jerricks has failed to point to anything within the record supporting his innocence or

showing that he was wrongfully convicted. As such, this court risks no fundamental miscarriage of justice by refusing to review his procedurally defaulted claims. Howard, 185 F.3d at 725 (refusing to review procedurally defaulted claims does not constitute a fundamental miscarriage of justice where nothing has been brought forward to demonstrate a prisoner's wrongful conviction); Rodriguez v. Scillia, 193 F.3d 913, 917-21 (7th Cir. 1999).

Finally, the Court considers if any of his habeas claims are exempt from to the procedural default rule. Of all of Petitioner's claims, both in the original Petition and the proposed amended Petition, only the claim alleging ineffective assistance of counsel appear at first glance to be potentially exempted from procedural default. The Seventh Circuit has held that allegations of ineffective assistance of counsel can be exempt from procedural default. Hill v. Gramley, No. 98-C5452, 1999 U.S. Dist. LEXIS 16644, at *4 (N.D. Ill. Oct. 22, 1999) citing, Guinan v. U.S., 6 F.3d 468, 471 (7th Cir. 1993). Here, however, Jerricks has provided only the roughest outline of an allegation, and has not substantiated the allegation with

sufficient factual context such that Respondent could be expected to respond to the allegation, or that the Court could evaluate the viability of the claim. Therefore, Petitioner is granted leave to file a brief in support of this claim within 30 days of this order.

ENTERED:

_____
GEORGE W. LINDBERG

District Judge

Date: _____JUN 27 2000_____